PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAUN A. BURBA, | ) |
|           Plaintiff, | ) CASE NO. 1:19-CV-905 |
| v. | ) JUDGE BENITA Y. PEARSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OF OPINION AND ORDER** |
|           Defendant. | ) |

An Administrative Law Judge ("ALJ") denied Plaintiff Shaun Burba's application for disability insurance benefits ("DIB") after a hearing. ECF No. 11 at PageID #: 77-91. That decision became the final determination of the Commissioner of Social Security when the Appeals Council declined to reverse the ALJ's decision. ECF No. 11 at PageID #: 66. Plaintiff sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge Kathleen Burke for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On May 1, 2020, Magistrate Judge Burke submitted a Report (ECF No. 19) recommending that the Court affirm the Commissioner's decision. Plaintiff filed Objections to the Report and Recommendation. ECF No. 21. For the reasons that follow, the Court overrules Plaintiff's Objections, adopts the Report and Recommendation, and affirms the decision of the Commissioner of Social Security.

(1:19-CV-905)

## I. Background

Magistrate Judge Burke's Report and Recommendation thoroughly narrates this case's procedural history, describes the medical evidence in the record, and analyzes the merits of Plaintiff's appeal. *See* ECF No. 19. It explains how the ALJ conducted the familiar five-step sequential analysis set out in the Social Security Administration's ("SSA") regulations. *Id.* at PageID #: 683-84. First, Plaintiff has not been gainfully employed since March 8, 2017. *Id.* at PageID #: 684. Second, Plaintiff has a number of severe impairments, including "fracture of the lower extremity; arthritis; obesity; depression; and anxiety." *Id.* Third, Plaintiff's impairments are not sufficiently severe for him to be presumed disabled without further inquiry. *Id.* at PageID #: 685. Fourth, Plaintiff's impairments do render him unable to perform past relevant work, *i.e.*, his previous job as a machinist. *Id.*; *see also* ECF No. 11 at PageID #: 88-89. Finally, the Report and Recommendation explains that the ALJ found, "[c]onsidering Burba's age, education, work experience, and [residual functional capacity ("RFC")], there are jobs that exist in significant numbers in the national economy that Burba can perform." ECF No. 19 at PageID #: 685. Thus, the ALJ adjudicated Plaintiff "not disabled." ECF No. 11 at PageID #: 90.

Appealing that decision, Plaintiff argues that the ALJ "did not adequately explain the weight assigned to the medical opinion of treating physician William Ervine, D.O. as required by the Commissioner's rules and regulations." ECF No. 13 at PageID #: 615. The ALJ characterized as only "partially persuasive" Dr. Ervine's opinion that Plaintiff "would need to elevate his legs above his waist frequently in an eight-hour workday." ECF No. 11 at PageID #: 87. This discount of Dr. Ervine's opinion allowed the ALJ to find that Plaintiff was capable of

(1:19-CV-905)

performing jobs that "could be performed sitting or standing." ECF No. 19 at PageID #: 682; *see also* ECF No. 11 at PageID #: 89-90. The vocational expert indicated at the hearing that there were no jobs that Plaintiff could perform if he needed to keep his leg elevated up to waist level (ECF No. 19 at PageID #: 682-83), so the ALJ's discount of Dr. Ervine's opinion was dispositive.

Additionally, Plaintiff argues that "the ALJ's discussion of Dr. Ervine's opinions is not supported by substantial evidence." ECF No. 13 at PageID #: 629. Plaintiff initially presented this argument as interrelated with the procedural issue outlined above. ECF No. 13 at PageID #: 615 ("Such a failure to follow the Commissioner's rules and regulations is indicative of a decision unsupported by substantial evidence."). Magistrate Judge Burke, however, addressed the procedural argument and the substantive argument in two distinct analyses. ECF No. 19 at PageID #: 688-89. For the sake of analytical clarity, the Court will follow Magistrate Judge Burke's example.

Magistrate Judge Burke recommends that the Court reject both of Plaintiff's arguments and affirm the Commissioner's decision. *See* ECF No. 19. Plaintiff filed Objections that essentially reiterate his arguments made before Magistrate Judge Burke. ECF No. 21. Plaintiff "specifically objects to the R&R's conclusion that: i) the ALJ properly applied the new regulation for evaluating medical opinions when considering the opinions of Dr. Ervine; and ii) Plaintiff has not demonstrated that the ALJ's finding of 'partial persuasiveness' is not supported by substantial evidence." *Id.* at PageID #: 696.

3

(1:19-CV-905)

## II. Standard of Review

When a magistrate judge submits a report and recommendation, the Court is required to conduct a *de novo* review of the issues dealt with in the portions of the report and recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's *de novo* review of the ALJ's decision invited by Plaintiff's Objections to the Report and Recommendation is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative decision

(1:19-CV-905)

makers. . . . An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. Discussion

After *de novo* review, the Court overrules Plaintiff's Objections. The Court agrees with Magistrate Judge Burke's Recommendation that the ALJ complied with her procedural obligations and adds that, even if the ALJ did not follow the letter of the regulations, any error was harmless. The Court adopts Magistrate Judge Burke's Recommendation that the ALJ's decision with respect to the persuasiveness of Dr. Ervine's opinion was supported by substantial evidence.

**A. The ALJ Complied with 20 C.F.R. § 404.1520c**

Magistrate Judge Burke's Report explains that the SSA has updated its regulations for the evaluation of medical opinions, and that the new regulations apply to Plaintiff's case. ECF No. 19 at PageID #: 686-688. The SSA has abandoned the old "treating physician rule," which accorded significant deference to the treating physicians who typically testify on behalf of claimants, and replaced it with the procedural guarantee that an ALJ will explain how persuasive that officer found each medical source. *Id.* The new regulation promises potential claimants that "[w]e will articulate in our determination or decision how persuasive we find all of the medical

5

(1:19-CV-905)

opinions . . . in your case record." 20 C.F.R. § 404.1520c(b). Five factors are provided to guide this articulation; the regulation only requires ALJs to discuss the first two—supportability and consistency—and those are the two at issue here. *See* 20 C.F.R. § 404.15202(b)(2). Regarding those two factors, the regulation further promises that "we will explain how we considered the supportability and consistency factors for a medical source's opinions . . . in your determination or decision." *Id.*

The definitions of these two factors are important to the instant appeal. Per the regulation, "supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). The regulation provides that "consistency" means, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). These definitions are important because Plaintiff argues that the ALJ conflated these two factors in articulating why she found Dr. Ervine's testimony only "partially persuasive," and thus failed to live up to her procedural obligations under the regulation. ECF No. 13 at PageID #: 628. Specifically, Plaintiff argues that the "ALJ failed to consider the consistency of Dr. Ervine's opinions 'with the evidence from ***other*** medical sources and nonmedical sources in the claim' . . . . The ALJ uses the word 'consistent' but it is clear the ALJ is re-considering the supportability factor by looking only at Dr. Ervine's notes." *Id.*

6

(1:19-CV-905)

Magistrate Judge Burke rejected Plaintiff's argument. ECF No. 19 at PageID #: 690. The following is an excerpt from the Magistrate Judge's discussion:

> The ALJ's decision as a whole makes clear that the ALJ's analysis took into account treatment records from Dr. Ervine as well as those from other medical sources. For example, the ALJ discussed Dr. Mendeszoon's treatment records and, in light of those records, found that the opinions that Burba would need to indefinitely elevate his leg or use an assistive device were not persuasive, especially in light of Dr. Mendeszoon's statement that Burba could return to light duty work.

*Id.* Plaintiff's Objections makes two arguments against this analysis: the first is that it constitutes an impermissible post hoc rationale, and the second is that the Sixth Circuit has allegedly rejected this "reading the decision as a whole" approach. ECF No. 21 at PageID #: 699.

The Court disagrees with Plaintiff's characterization of Magistrate Judge Burke's analysis as a post hoc rationalization. The Report does not impermissibly "fill in the gap where the ALJ did not provide the factual basis for the [Report's] factual and legal conclusion" that the ALJ sufficiently explained the consistency factor. *Harvey v. Comm'r of Soc. Sec.*, No. 16-2366, 2017 WL 4216585, at *8 (6th Cir. Mar. 6, 2017) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Rather, the Report points out where else in the ALJ's decision the explanation can be found, *i.e.*, the immediately preceding paragraph, where the ALJ stated, "[Dr. Mendeszoon] indicating the claimant can return to work is not consistent with leg elevation or a need to use any ambulatory aid." ECF No. 11 at PageID #: 87. Dr. Mendeszoon's statement is thus an example, provided by the ALJ, of evidence from other medical sources that is inconsistent with Dr. Ervine's opinion that "the claimant would need to elevate his legs above his waist frequently in an eight-hour workday." *Id.*

7

(1:19-CV-905)

Plaintiff's second argument on this score cites *Blakely v. Commissioner of Social Security* for the proposition that a reviewing court may not "read[] the decision as a whole" when reviewing an ALJ's decision for procedural error. ECF No. 21 at PageID #: 699 (citing 581 F.3d at 410). The Court does not agree with this reading of *Blakely*, which held, "substantial evidence alone does not excuse non-compliance with [20 C.F.R. § 404.1520c] as harmless error." 581 F.3d at 410. Magistrate Judge Burke's analysis did not seek to excuse an acknowledged procedural error; rather, it found that there was no procedural error because, based on a broader reading of the ALJ's decision, the ALJ adequately complied with the regulation. *See* ECF No. 19 at PageID #: 690. As noted above, Magistrate Judge Burke addressed the issue of whether substantial evidence supported the ALJ's finding in a completely separate analysis. *See id.*

Additionally, the Court finds that even if the ALJ did fail to specifically honor the regulation's procedural promise, the error was, in fact, harmless because "the Commissioner has met the goal of [§ 404.1520c]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). The Court acknowledges that the ALJ's discussion of the consistency factor could have been more clear. Nevertheless, the Court may find that an ALJ's procedural error was harmless under any of the following three circumstances:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation.

(1:19-CV-905)

Cole v. Comm'r of Soc. Sec., 661 F.3d 931, 940 (6th Cir. 2011) (citation omitted); *see also* Wilson, 378 F.3d at 547. Regarding the third circumstance, "[an] ALJ may accomplish the goals of this procedural requirement by *indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." Coldiron v. Comm'r of Soc. Sec., 391 F. App'x 435, 440 (6th Cir. 2010).

Granted, the Sixth Circuit crafted this harmless error doctrine with respect to the regulatory predecessor to 20 C.F.R. § 404.1520c, 20 C.F.R. § 1527(d)(2). The new regulation, however, shares the old regulation's goals, which were:

> to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she [sic] is not, unless some reason for the agency's decision is supplied [and to] ensure that the [ALJ's decision] permits meaningful review of the ALJ's application of the rule.

Wilson, 378 F.3d at 544 (internal quotations omitted). Additionally, even Plaintiff acknowledges that the new regulation is supposed to make it easier for ALJs to discount treating physician opinions. *See* ECF No. 21 at PageID #: 697 (characterizing the new regulation as a "reduced articulation requirement"). It would make little sense, therefore, to hold the ALJ to a more stringent and unforgiving procedural requirement under the new regulation than that applied under the old regulation.

That said, even if the ALJ did not fully comply with 20 C.F.R. § 404.1520c, any error was harmless because her decision met the goals of the regulation by indirectly attacking the consistency of Dr. Ervine's opinion with evidence from other medical sources. The ALJ's statement that "[Dr. Mendeszoon] indicating the claimant can return to work is not consistent

9

(1:19-CV-905)

with leg elevation" is at least an indirect attack on Dr. Ervine's opinion that "the claimant would need to elevate his legs above his waist frequently in an eight-hour workday." ECF No. 11 at PageID #: 87. Magistrate Judge Burke identified additional inconsistencies between Dr. Ervine's opinion and other medical sources that are discussed in the ALJ's decision, which the Court finds are additional indirect attacks by the ALJ on Dr. Ervine's opinion. ECF No. 19 at PageID #: 690. In sum, the ALJ's explanation of why she found Dr. Ervine's opinion only "partially persuasive" sufficiently met the goals of 20 C.F.R. § 404.1520c.

### B. The ALJ's Finding Is Supported by Substantial Evidence

Next, Plaintiff argues that the ALJ's finding that Dr. Ervine's opinion was only "partially persuasive" was not supported by substantial evidence. Specifically, Plaintiff argues that there is insufficient evidence in the record to support the ALJ's discount of Dr. Ervine's opinion because that discount depended on the ALJ's finding that Plaintiff improved after his March 2017 surgery, and the record is devoid of substantial evidence for such a finding. ECF No. 21 at PageID #: 701-02.; *see also* ECF No. 11 at PageID #: 87 ("The treatment notes do not indicated [sic] that the claimant must continue to elevate his leg or use an ambulatory aid and there was no rationale to support a need for these limitations to continue after the claimant recovered from surgery."). Having conducted a *de novo* review of the record, the Court adopts Magistrate Judge Burke's Recommendation on this issue. ECF No. 19 at PageID #: 690-92. The ALJ's discussion of Dr. Mendeszoon's opinions, for example, references ample evidence that Plaintiff recovered from his surgery. ECF No. 11 at PageID #: 86-87. Thus, the ALJ's decision to discount Dr. Ervine's opinion was supported by substantial evidence.

(1:19-CV-905)

## IV. Conclusion

For the reasons explained above, Plaintiff's Objections to the Report and Recommendation are overruled. Accordingly, the Report and Recommendation is adopted and the decision of the Commissioner of Social Security is affirmed.

IT IS SO ORDERED.

 September 29, 2020   /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                                    United States District Judge